Brian PENNY and Cynthia Penny, Appellants,

v.

SHELL OIL PRODUCTS COMPANY, L.L.C., Shell Deer Park, Shell Oil Company, Shell Chemical Company, and Equilon Enterprises, L.L.C., Appellees.

No. 01–10–00606–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 28, 2011.

Michael R. McGown, Benckenstein, Norvell & Nathan, L.L.P., Beaumont, TX, Ryan W. Gertz, The Gertz Adair Law Firm, Beaumont, TX, for Appellants.

Debra D. Hovnatanian, Tracey N. Ellison, Ellison & Freeman, P.C., Houston, TX, Susan Dawn Oliver, Law Offices of James D. Stanton, L.P., Dallas, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellants, Brian and Cynthia Penny, appeal the trial court's grant of summary judgment in favor of appellees, Shell Oil Products Company, L.L.C., Shell Deer Park, Shell Oil Company, Shell Chemical Company, and Equilon Enterprises, L.L.C. In two issues, appellants challenge the trial court's rendition of summary judgment in favor of appellees.

We dismiss for lack of jurisdiction.

## Background

On December 21, 2006, the Pennys brought premises liabilities claims against Shell Oil Products Company, L.L.C., Shell Deer Park, Shell Oil Company, Shell Chemical Company, and Equilon Enterprises, L.L.C. for injuries sustained by Brian Penny in January 2005. The defendants answered in February 2007. Some time after suit was filed, Helmsman Management Services, Inc. intervened in the suit, asserting rights of subrogation.

In June 2009, all of the defendants except for Shell Deer Park moved for summary judgment on the grounds that there was no evidence of a premises defect. Plaintiffs responded. On September 15, 2009, the trial court granted summary judgment in favor of all of the defendants except for Shell Deer Park on all claims brought by the Pennys against them.

Shell Deer Park moved for summary judgment on December 9, 2009, arguing that it was not a legal entity and there was no evidence that it was the premises owner. Plaintiff responded. On January 20, 2010, the trial court granted summary judgment in favor of Shell Deer Park on all claims brought by the Pennys against

it. This order was titled "Final Summary Judgment."

On February 11, 2010, all of the defendants moved for summary judgment on Helmsman Management Services, Inc.'s claims of subrogation. The trial court granted summary judgment on March 15, 2010. This order was also titled "Final Summary Judgment."

It is undisputed by the parties that the March 15 order disposed of all issues and parties remaining in the suit at that time.

On March 24, 2010, the defendants filed Defendants' Motion for Clarification and/or Entry of Final Judgment. In the motion, the defendants asserted,

> This Court has granted summary judgment in favor of all Defendants on all of Plaintiffs' and Intervenor's claims. Most recently, the Court granted Defendants' Summary Judgment on Intervenor's claims. The order granting this summary judgment (signed on March 15, 2010) disposed of the remaining claims in this lawsuit. Nonetheless, the docket sheet indicates that this summary judgment is interlocutory.

The defendants continued to assert, citing to legal authority, that the March 15 order was a final judgment, disposing of all claims and parties, and that it was incorrect for the court's docketing system to identify the March 15 order as interlocutory. In their concluding paragraph, defendants stated,

> Because all of Plaintiffs' and Intervener's claims have been resolved on summary judgment, Defendants respectfully request that this Court clarify the docket sheet to indicate that final judgment has been entered. Alternatively, in accordance with the case law cited above, Defendants request that this Court enter a final judgment in their favor.

On April 20, 2010, the trial court entered another order. Like the January 20 and March 15 orders, it was titled "Final Summary Judgment." The order stated:

> After considering Defendants' Motion for Summary Judgment on all Claims, the response, if any, [and] the arguments of counsel, if any, the court:

> GRANTS Defendants['] Motion for Summary Judgment and ORDERS that judgment be entered in favor of Defendants.

> All relief not granted in this judgment is denied.

The Pennys filed a motion for new trial on May 10, 2010, and a notice of appeal on July 20, 2010.

On May 25, 2011, we issued an order requesting briefing on whether we had jurisdiction to consider this appeal. Both appellants and appellees filed briefs on the issue.

### Analysis

■ A notice of appeal must be filed within 30 days after the judgment is signed. TEX.R.APP. P. 26.1. If a timely motion for new trial is filed, a notice of appeal must be filed within 90 days after the judgment is signed. TEX.R.APP. P. 26.1(a)(1). This Court lacks jurisdiction over an appeal when the notice of appeal is not timely filed. *See* Tex.R.App. P. 25.1(b); *Garza v. Hibernia Nat'l Bank,* 227 S.W.3d 233, 233 (Tex.App.-Houston [1st Dist.] 2007, no pet.).

■ Similarly, the trial court retains plenary power over a case for thirty days after signing a final judgment. TEX.R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equipment, Inc.,* 10 S.W.3d 308, 310 (Tex.2000). The plenary power of the court can be extended by timely filing an appropriate postjudgment motion, such as a motion for new trial or a motion to modify, correct, or reform the judgment. *Lane Bank,* 10 S.W.3d at 310. Filing such a motion extends the trial court's plenary power up to 75 days. *Id.*; TEX.R. CIV. P. 329b(c). "During this time, the trial court has plenary power to change its judgment." *Lane Bank,* 10 S.W.3d at 310.

■ Filing a timeline-extending motion outside the court's plenary power does not revive or extend the court's plenary power. *See Smith v. Comm'n for Lawyer Discipline,* 42 S.W.3d 362, 363 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (holding late-filed motion for new trial could not be considered by judge because plenary power had expired). Likewise, a judgment signed by the trial court outside of its plenary power is void and has no effect. TEX.R. CIV. P. 329b(f).

■ We must determine, then, when the trial court rendered a final judgment and whether the parties timely filed a timeline-extending motion. First, we consider when the trial court rendered a final judgment. "[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 192–93 (Tex. 2001).

It is undisputed by the parties that the March 15 order disposed of all issues and parties remaining in the suit at that time. The March 15 order, then, was a final judgment. *See id.* at 200 (holding "if a court has dismissed all of the claims in a case but one, an order determining the last claim is final"). The previous orders granting summary judgment merged into the March 15 order. *See City of Beaumont v. Guillory,* 751 S.W.2d 491, 492 (Tex.1988) (holding partial summary judgment becomes appealable when it merges into final judgment).

The next order signed by the trial court was signed on April 20, which was 36 days later. Unless some other action was taken to extend the trial court's plenary power, this order—purporting to render a final judgment—was signed outside the court's plenary power and, accordingly, was void. *See* Tex.R. Civ. P. 329b(d) (providing trial court's plenary power expires 30 days after signing final judgment), (f) (providing judgment signed by trial court outside of its plenary power is void).

The only action taken by any of the parties between the March 15 order and the April 20 order was Defendants' Motion for Clarification and/or Entry of Final Judgment. This motion unequivocally asserted that the March 15 order was a final judgment and that no parties or claims remained outstanding. The defendants' only complaint was that the March 15 order had been miscoded on the court's docketing system. The defendants sought a correction of the docketing system. They were not seeking a modification of the judgment itself.

Stated differently, as of March 15, the defendants had received all of the relief they had sought from the trial court. Their motion did not seek any further relief, only recognition (in the court's docketing system) of what they already had: a final judgment in their favor on all claims.

The parties do not argue, nor do we determine, that the defendants' motion qualifies as a deadline-extending motion. It is not a motion for new trial. *See* Tex.R. Civ. P. 329b(e) (providing that motion for new trial extends trial court's plenary power); Tex.R.App. P. 26.1(a)(1) (providing motion for new trial extends deadline for parties to file notice of appeal). Nothing in the motion suggests they were seeking to relitigate any issue already resolved by the trial court.

It was also not a motion to vacate, modify, correct, or reform the judgment. *See* Tex.R. Civ. P. 329b(g) (providing that motion to vacate, modify, correct, or reform the judgment extends trial court's plenary power); Tex.R.App. P. 26.1(a)(2) (providing motion to modify the judgment extends deadline for parties to file notice of appeal). The Texas Supreme Court has held that any "postjudgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329b(g), thus extending the trial court's plenary jurisdiction and the appellate timetable." *Lane Bank*, 10 S.W.3d at 314. The defendants, however, did not seek any change in the judgment. Instead, they unequivocally asserted that the judgment was final. Even the request in the alternative for the trial court to render a final judgment did not ask for any substantive change. The request was predicated on the statement "in accordance with the case law cited above." All the case law cited in the motion was relevant to their argument that a final judgment already existed.

Additionally, the trial court's April 20 order indicates that the trial court did not consider the defendants to be asking for anything other than what they already had. The order recited that it was considering the defendants' motions for summary judgment. It made no mention of the motion for clarification. Nor did it identify any further or different relief sought by the defendants. Instead, the order purported to grant what had already been granted: summary judgment on all claims brought against the defendants.

The defendants' only complaint was how the judgment was noted in the court's docketing system. Even assuming this was something within the trial court's—as opposed to the district clerk's—power to correct, we find no authority in the Texas Rules of Civil Procedure or the Texas Rules of Appellate Procedure to suggest that a motion to correct an error in the

court's docketing system has any effect on the court's plenary power or the parties' appellate deadlines.

The order disposing of all remaining issues and parties was signed by the trial court on March 15, 2010 and, accordingly, was a final judgment. The defendant's motion for clarification, filed on March 24, had no effect on the trial court's plenary power or the parties' appellate deadlines. Accordingly, the trial court's plenary power expired on April 14. Tex.R. Civ. P. 329b(d). The trial court's signing of another final judgment on April 20 was void. Tex.R. Civ. P. 329b(f). Similarly, the Pennys' motion for new trial, filed on May 10, 2010—more than 30 days after the signing of the final judgment on March 15—had no effect. Tex.R. Civ. P. 329b(a). The notice of appeal, filed on July 20, was also outside the applicable time period. Tex.R.App. P. 26.1. Because the notice of appeal was filed outside of the applicable time period, we lack jurisdiction to consider this appeal. *See* Tex.R.App. P. 25.1(b); *Garza*, 227 S.W.3d at 233.

## Conclusion

We dismiss the appeal for lack of jurisdiction.