# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00001-CV

Milton Lindsey, Appellant

v.

Kathryn Ramsey, Appellee

FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NO. C-1-CV-12-012182, HONORABLE ERIC M. SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Kathryn Ramsey filed a suit for forcible detainer against appellant Milton Lindsey in justice court. On November 27, 2012, after a jury found in Ramsey's favor, the justice court signed a judgment awarding her possession of the property and damages. On December 3, the Monday following five days from the date of the justice court's judgment, Lindsey filed a timely appeal bond, seeking to appeal to the county court. *See* former Tex. R. Civ. P. 749 (1988, repealed 2013).[1] On December 17, the county court sent a "Notice of Appeal and Costs," stating that Lindsey had twenty days to pay his filing fees. *See* Tex. R. Civ. P. 143a (in appeal from justice court, appellant must pay costs within twenty days "after being notified to do so by

---

[1] The rules of civil procedure governing practice in the justice courts were amended in 2013, effective August 31, 2013, and the new rules are to apply to cases pending on that date unless it would be infeasible or unjust. *See* Tex. Sup. Ct. Misc. Docket No. 13-9049. Current rule 510.9 governs appeals from a justice court's judgment in a forcible entry case and imposes the same five-day deadline for filing a notice of appeal. *See* Tex. R. Civ. P. 510.9.

the county clerk" or appeal is "deemed not perfected and the county clerk shall return all papers . . . to the justice of the peace having original jurisdiction," who shall "proceed as though no appeal had been attempted"). The notice was sent via certified mail and was signed for by someone at Lindsey's address on December 18.[2] On January 7, 2013, because the filing fee had not been tendered, the county clerk remanded the appeal to the justice court. The county clerk refused Lindsey's attempt to pay the filing fee on January 8. On February 7, Lindsey filed a motion to vacate the remand and reinstate the case, arguing that his filing-fee deadline was January 9, twenty-three days from the date the notice was mailed.[3] *See* former Tex. R. Civ. P. 21a (if notice requiring action within prescribed time is served by mail, "three days shall be added to the prescribed period").[4] The county court held a hearing on October 3 and denied Lindsey's motion. Lindsey filed a timely request for findings of fact and conclusions of law and on December 31, 2013, filed a notice of appeal from the county court's October 3 order.

First, we believe that we lack jurisdiction for the same reasons we explained in *McGaughy v. Lamm*, No. 03-99-00643-CV, 2000 WL 147649 (Tex. App.—Austin Feb. 10, 2000, no pet.) (not designated for publication), a case Lindsey cites to support his contention that rule

_____

[2] Lindsey stated during a hearing that he himself did not receive the notice until December 20, but, even if relevant, that statement does not appear to have been made under oath.

[3] Lindsey also filed a motion to vacate and reinstate in the justice court, which signed an order on February 15, 2013, denying the motion and stating that it had issued a final judgment on the jury's verdict and that Lindsey had not perfected his appeal under rule 143a. Lindsey asks us to take judicial notice of this order, which was attached to his brief but not made part of the clerk's record, and Ramsey does not dispute the order's validity. Lindsey does not appear to have filed a new notice of appeal in the county court following the justice court's denial of his motion.

[4] Rule 21a was amended in 2013, effective January 1, 2014. *See* Tex. Sup. Ct. Misc. Docket 13-9165. Current rule 21a includes the same three-day extension. *See* Tex. R. Civ. P. 21a(c).

2

329b, discussed briefly below, does not apply. McGaughy sought to appeal as an indigent from the justice court's judgment against him. *Id.* at *1. The justice court denied his motion to proceed as a pauper, and McGaughy filed a notice of appeal with the county court. *Id.* The county court ordered McGaughy to post an appeal bond and, when he did not do so, "the case was remanded to the justice of the peace." *Id.* McGaughy sought to appeal, but we dismissed for want of jurisdiction, holding that the county court had not rendered an appealable order. *Id.* We observed that under rule 143a, the county clerk returned all the papers in the case to the justice court, which was then required to proceed as if no appeal had been attempted. *Id.*; *see* Tex. R. Civ. P. 143a. We held that an appeal from the county court's decision rejecting McGaughy's attempt to appeal as an indigent was not an authorized interlocutory appeal.[5] *McGaughy*, 2000 WL 147649, at *1.

The county clerk remanded this case to the justice court on January 7, 2013. Under the explanation provided in *McGaughy*, the county court did not sign an appealable judgment or order when the case was remanded, and the county court lacked jurisdiction to enter its October 3 order. *See id.* Although Lindsey asserts that the county court's October 3 order is final and appealable, we have found no rule, statute, or case law that would give the county court jurisdiction to take any action after the case was remanded, much less the authority to act nearly nine months after remand.

Further, even assuming the county court had somehow retained jurisdiction to act in the case following remand, the trial court would have lost its plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment on February 6, thirty days after the case was

---

[5] The justice-court record in *McGaughy* did not include a final judgment. *McGaughy v. Lamm*, No. 03-99-00643-CV, 2000 WL 147649, *1 (Tex. App.—Austin Feb. 10, 2000, no pet.) (not designated for publication).

3

remanded. *See* Tex. R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). In this scenario, Lindsey's motion to vacate the remand and reinstate the case, filed thirty-one days later, would have been untimely and would have done nothing to extend the court's plenary power or the appellate timetables.[6] *See* Tex. R. App. P. 26.1(a); *Penny v. Shell Oil Prods. Co.*, 363 S.W.3d 694, 697 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

We therefore dismiss this appeal for lack of jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Dismissed for Want of Jurisdiction

Filed: October 16, 2014

---

[6] The timely filing of a motion "seeking a substantive change" to a judgment extends a trial court's jurisdiction "up to an additional seventy-five days." *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310, 313-14 (Tex. 2000). Lindsey's motion to vacate and reinstate sought a substantive change in the remand action and should be viewed as a motion for new trial or to modify, correct, or reform the remand. *See id*. at 313-14; *In re Bokeloh*, 21 S.W.3d 784, 787 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) ("A timely and proper motion to reinstate extends the trial court's plenary power until thirty days after the motion is overruled either by a written signed order or by operation of law."). If it had been timely, the motion would have been overruled as a matter of law on March 25, the first business day after seventy-five days from remand, *see* Tex. R. Civ. P. 329b(c), making Lindsey's notice of appeal due by April 8, ninety days after remand, *see* Tex. R. App. P. 26.1(a).