**Opinion issued October 4, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-16-00790-CV

_____

### SABRENDA T. LITTLES, Appellant/Cross-Appellee

### V.

### RIVERWALK COUNCIL OF CO-OWNERS, INC. AND JDH ASSOCIATION MANAGEMENT CO., Appellees/Cross-Appellants

---

### On Appeal from the 165th District Court
### Harris County, Texas
### Trial Court Case No. 2015-38134

---

### MEMORANDUM OPINION

Appellant/cross-appellee, Sabrenda T. Littles, has filed a motion for en banc reconsideration of our July 31, 2018 opinion and judgment. *See* TEX. R. APP. P. 49.7. We deny Littles's motion for en banc reconsideration, but withdraw our

opinion and judgment of July 31, 2018, and we issue the following opinion and judgment in their stead.

Littles challenges the trial court's rendition of summary judgment in favor of appellees/cross-appellants, Riverwalk Council of Co-Owners, Inc. ("Riverwalk") and JDH Association Management Co. ("JDH") (collectively, "appellees"), in Littles's suit against them for defamation per se. In three issues, Littles contends that the trial court erred in granting appellees' matter-of-law and no-evidence summary judgment motions. In their sole cross-point,[1] appellees contend that the trial court erred in denying their summary-judgment motion as to their claim that the Texas Defamation Mitigation Act (the "DMA")[2] bars Littles' defamation claim against them.

We affirm.

**Background**

In her amended petition, Littles, a condominium owner and board member of Riverwalk, a homeowners association, alleged that on February 16, 2015, members of Riverwalk and employees of JDH, the management company for the Riverwalk community, published defamatory statements about her, including:

---

[1]    We note that appellees assert their cross-point in the alternative, "should the Court reverse" the trial court's rendition of summary judgment in favor of them. Due to our disposition of Littles's first and third issues, we do not reach appellees' cross-point. *See* TEX. R. APP. P. 47.1.

[2]    *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 73.051–.062 (Vernon 2017).

(1) she was "crazy"; (2) she was "trying to get rid of certain management company employees"; (3) she was "trying to corrupt the minds of residents"; (4) she was "tainted"; (5) "nobody c[ould] stand" her; (6) she was "real dirty"; (7) she was "bipolar"; (8) she was "a hot fricking mess"; (9) she did "not have a permanent job"; (10) she, "as an anesthetist, might give someone an overdose"; (11) she was "evil"; (12) she was "traumatized by her childhood"; (13) she "showed her ass at a meeting"; (14) she was a "liar"; (15) she was "stupid"; (16) she "tried to rig the homeowners board member election"; (17) she was "a motherfucker"; and (18) she was a "bitch."

According to Littles, appellees "published oral communications," referred to her by her name, injured her reputation, "exposed [her] to public hatred, contempt and ridicule," "impeached [her] honesty, integrity, virtue and reputation," and "imputed a mental disease to [her]." Littles asserted that appellees' defamatory statements were false, made with actual malice, and affected her membership, reputation, and effectiveness on the Board of Directors for Riverwalk.

In their first summary-judgment motion, appellees argued, based on agency principles, that because seven of the allegedly defamatory statements were made by a condominium owner who was not a board member of Riverwalk, an employee of JDH, or an agent of either, they, as a matter of law, "cannot be imputed to JDH or Riverwalk." Moreover, in regard to the remaining eleven statements, appellees

3

asserted that they were not made by appellees' agents while acting within the scope of their authority or "in furtherance of [appellees'] business [or] for the accomplishment of the object for which they act[ed] as agents."

In their second summary-judgment motion, appellees asserted that Littles could produce no evidence of damages, which was required as the statements at issue do not constitute defamation per se.

In their third summary-judgment motion, appellees argued that because Littles did not, pursuant to the DMA, make a timely written request upon them "to correct, clarify, or retract the [alleged] defamatory statements," her defamation claim must be dismissed as a matter of law.[3]

In her response to appellees' summary-judgment motions, Littles asserted that appellees relied upon the wrong standard in making their arguments; the statements at issue were "not gossip," but "oral defamation [that was] slanderous per se"; and appellees had not met their summary-judgment burden. She also asserted that she had complied with the DMA by "forward[ing] to [appellees] a verbatim transcript which identified, with particularity, the defamatory statements at issue as well as an explanation of how the statements were defamatory as a matter of law." And she further asserted that appellees had waived their DMA

---

[3]    *See id.*

challenge.[4] Moreover, Littles argued that because appellees had made the defamatory statements with actual malice, a request for "'correction,' 'clarification' or 'retraction' [was] not required" under the DMA.

After a hearing on appellees' summary-judgment motions, the trial court, in two separate orders, granted appellees' matter-of-law summary-judgment motion and no-evidence summary-judgment motion. In yet another order, the trial court denied appellees' third summary-judgment motion in which they asserted that Littles had failed to comply with the DMA.

Littles then filed a motion to modify the trial court's judgment, asserting that the trial court could not enter two "final judgments" in a case, and arguing that "[i]f [the] court grant[ed] [a] no-evidence summary judgment motion, it d[id] not have the authority to . . . grant" summary judgment as a matter of law as well. She also asked the trial court to vacate its order granting appellees' matter-of-law summary-judgment motion.

Appellees also filed a motion to modify the trial court's judgment, noting that the trial court had signed three separate orders regarding their summary-judgment motions—one granting their matter-of-law summary-judgment motion, another granting their no-evidence summary-judgment motion, and a third

---

[4]  In her response to appellees' matter-of-law summary-judgment motion based on the DMA, Littles requested that the trial court "enter judgment on her cross-motion [for summary judgment]." The record does not reflect whether the trial court ruled on Littles's cross-motion.

denying their summary-judgment motion regarding the DMA. They requested that the trial court combine its three previous orders and enter a single final judgment granting their original matter-of-law and no-evidence summary-judgment motions.[5]

The trial court denied Littles's motion to modify its judgment and granted appellees' motion, signing a single final judgment in which it granted appellees' matter-of-law and no-evidence summary-judgment motions and dismissed Littles's defamation per se claim.[6]

## Standard of Review

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In conducting our review, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating*, 164 S.W.3d at 661; *Provident Life*, 128 S.W.3d at 215. If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the asserted grounds are

---

[5] *See* TEX. R. CIV. P. 329b(g) (Vernon Supp. 2018).

[6] After the trial court entered its final judgment, Littles filed a second motion to modify the trial court's judgment, which it denied.

meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

A party seeking summary judgment may move for both matter-of-law and no-evidence summary judgment. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004); *see* TEX. R. CIV. P. 166a(c), (i). When a party has sought summary judgment on both grounds, we typically review first the propriety of the summary judgment under the no-evidence standard. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Deweese v. Ocwen Loan Serv. L.L.C.*, No. 01-13-00861-CV, 2014 WL 6998063, at *2 n.1 (Tex. App.—Houston [1st Dist.] Dec. 11, 2014, no pet.) (mem. op.); *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010, pet. denied). However, in the interest of efficiency, we may review a summary judgment under the matter-of-law standard first if it would be dispositive. *See Deweese*, 2014 WL 6998063, at *2 n.1; *Poag*, 317 S.W.3d at 825; *see also* TEX. R. APP. P. 47.1.

In a matter-of-law summary-judgment motion, the movant has the burden to show that no genuine issue of material fact exists and the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for summary judgment as a matter of law must either: (1) negate at least

7

one essential element of each of the plaintiff's causes of action, or (2) plead and conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Once the movant meets its burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Maye*s, 236 S.W.3d 754, 755 (Tex. 2007).

### Matter-of-Law Summary Judgment

In her third issue, Littles argues that the trial court erred in granting appellees' matter-of-law summary-judgment motion on her defamation per se claim because "multiple fact[] issues abound in this case" that preclude summary judgment.

The tort of defamation includes libel and slander. *Neely v. Wilson*, 418 S.W.3d 52, 60 (Tex. 2013). Littles's claim in the instant case is for slander, i.e., a defamatory statement that is orally communicated or published to a third person without legal excuse. *See id.*; *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d

8

640, 646 (Tex. 1995). To establish the elements of her defamation claim, Littles must show that appellees: (1) published an oral false statement of fact; (2) that was defamatory concerning her; (3) while acting with either actual malice, if Littles was a public official or public figure, or negligence, if Littles was a private individual, regarding the truth of the statement; and (4) damages, under certain circumstances.[7] *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015); *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

In their matter-of-law summary-judgment motion, appellees argued that they could not be held liable for the seven allegedly defamatory statements made by Tara Wood,[8] a condominium owner, because Wood's statements could not be imputed to either Riverwalk or JDH, as she was neither a board member nor employee. Appellees further argued that they could not be held liable for the eleven remaining allegedly defamatory statements[9] made by their agents, Shuntay

---

[7] Defamation claims are divided into two categories—defamation per se and defamation per quod—based on the level of proof required to make the claim actionable. *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 689 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *see also Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 580 (Tex. App.—Austin 2007, pet. denied).

[8] Wood made the following allegedly defamatory statements: (1) "nobody c[ould] stand" Littles; (2) Littles was "bipolar"; (3) Littles was "a hot fricking mess"; (4) Littles "might give someone an overdose"; (5) Littles "showed her ass at a meeting"; (6) Littles was "stupid"; and (7) Littles was "dirty."

[9] These allegedly defamatory statements include: (1) Littles was "crazy"; (2) Littles was "trying to get rid of certain management"; (3) Littles was "trying to corrupt the minds of residents"; (4) Littles was "tainted"; (5) Littles "d[id not] have a

Bennings,[10] Sheila Stevens, Roslyn Richardson,[11] and Dorothy Nieto,[12] because the agents did not make the statements while they were acting "within the scope of their general authority, in furtherance of [appellees'] business[es], and for the accomplishment of the object for which they [were] agents." *See Goodyear Tire*, 236 S.W.3d at 757.

In her brief, related to her argument that the trial court erred in granting appellees' matter-of-law summary-judgment motion, Littles generally asserts that "genuine issues of material fact were presented to preclude the granting of [appellees'] motion," "[m]ultiple fact issues abound in this case," appellees "are jointly and severally liable," and appellees "have not proved, as a matter of law, all of the elements of their defense."[13] *See* TEX. R. APP. P. 38.1(i) (appellate brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

"Rule 38 requires [a party] to provide [an appellate court] with such discussion of the facts and the authorities relied upon as may be requisite to

---

permanent job"; (6) Littles was "evil"; (7) Littles was "traumatized by her childhood"; (8) Littles was a "liar"; (9) Littles "tried to rig the homeowners board member election"; (10) Littles was a "mother-fucker"; and (11) Littles was a "bitch."

[10]    Bennings was the Riverwalk concierge.

[11]    Stevens and Richardson were volunteer board members for Riverwalk.

[12]    Nieto was a JDH employee.

[13]    It is unclear to what "defense" of appellees Littles refers.

maintain the point at issue." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also* TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum*, 106 S.W.3d at 128. Instead, a brief must "contain a clear and concise argument for the contentions made with appropriate citations to the authorities and to the record." *See* TEX. R. APP. P. 38.1(i). Appellate issues are waived "if an appellant fails to support h[er] contention[s] by citations to appropriate authority" or "[a] brief fails to contain a clear argument for the contentions made." *Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 321–22 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (internal quotations omitted); *see also Saudi v. Brieven*, 176 S.W.3d 108, 120 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (failure to cite authority and provide analysis in initial brief waived issue on appeal).

In her brief, Littles does not address the grounds on which appellees moved for summary judgment as a matter of law. And she has not presented a cogent argument with a discussion of the relevant facts and authorities relied upon related to her complaint that "multiple fact[] issues abound in this case" that preclude summary judgment as a matter of law. Accordingly, we hold that she has waived appellate review of her third issue. *See* TEX. R. APP. P. 38.1(i); *see also Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995) (non-movant

required to show each ground alleged in summary-judgment motion insufficient to support summary judgment); *Prasad v. Capital Farm Credit, FLCA*, No. 01-12-00585-CV, 2013 WL 3877666, at *3 (Tex. App.—Houston [1st Dist.] July 25, 2013, no pet.) (appellant, whose brief provided "no substantive discussion of the issue he raise[d] or citation to any summary judgment proof to support a contention that [appellee] did not establish its right to summary judgment as a matter of law," waived challenge on appeal).

### Trial Court's Final Judgment

In her first issue, Littles argues that the trial court erred in granting appellees' matter-of-law summary-judgment motion because it could not render "two final judgments" in a single case, nor could it "treat two final judgments as one." Littles also argues that the trial court erred in granting appellees' matter-of-law summary-judgment motion because it was required to consider appellees' no-evidence summary-judgment motion first. She asserts that when "a court grants [a] no-evidence summary judgment motion," as the trial court did in this case, "it does not have the authority to subsequently grant a [matter-of-law] summary judgment motion."

#### *One Final Judgment*

As part of her first issue, Littles argues that the trial court erred in granting appellees' matter-of-law summary-judgment motion because it could not render

"two final judgments" in a single case, nor could it "treat two final judgments as one."

Following a hearing on appellees' three summary-judgment motions, the trial court signed three separate orders. In two separate orders, it granted appellees' matter-of-law summary-judgment motion and no-evidence summary-judgment motion, dismissing Littles's defamation per se claim. In the third order, the trial court denied appellees' summary-judgment motion in which they asserted that Littles had failed to comply with the DMA.

The next day, Littles filed a motion to modify the judgment, asserting that the trial court could not enter "two final judgments" in a case and arguing that "[i]f [the] court grant[ed] [appellees'] no-evidence summary judgment motion, it d[id] not have the authority to . . . grant" summary-judgment in favor of appellees as a matter-of-law. And she asked the trial court to vacate its order granting appellees' matter-of-law summary-judgment motion.

Appellees subsequently filed their own motion to modify the trial court's judgment, requesting that the trial court reduce its three separate orders to a single final judgment granting both their matter-of-law and no-evidence summary-judgment motions.[14]

---

[14]    TEX. R. CIV. P. 329b(g).

The trial court denied Littles's motion to modify and granted appellees' motion, signing a single final judgment in which it granted appellees' matter-of-law and no-evidence summary-judgment motions and dismissed Littles's defamation per se claim. The trial court explained in the final judgment that it "supersede[d] and replace[d] the [previous] [o]rders . . . which were titled: (1) Order Granting Defendants No-Evidence Motion for Summary Judgment; and (2) Order Granting Defendants JDH Association Management Co. and Riverwalk Council of Co-Owners, Inc.'s Motion for Summary Judgment."

A judgment is final "if it disposes of all pending parties and claims in the record." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Unless specifically provided by law, there can be only one final judgment in a case. TEX. R. CIV. P. 301; *Cessna Aircraft Co. v. Aircraft Network*, *LLC*, 345 S.W.3d 139, 143 (Tex. App.—Dallas 2011, no pet.); *Dickerson v. Mack Fin. Corp.*, 452 S.W.2d 552, 555 (Tex. Civ. App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.). A trial court retains plenary power over a case for thirty days after it has signed a final judgment. TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000); *Penny v. Shell Oil Prods. Co.*, 363 S.W.3d 694, 697 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A party can extend the trial court's plenary power by timely filing an appropriate post-judgment motion—either a motion for new trial, or a motion to modify, correct, or reform the

14

judgment—within thirty days after the trial court signs its final judgment or order. TEX. R. CIV. P. 329b(e), (g); *Lane Bank*, 10 S.W.3d at 310; *Penny*, 363 S.W.3d at 697. While the trial court retains its plenary power over a case, it has the power to correct, modify, vacate, or reform its judgment. TEX. R. CIV. P. 329b(d); *Lane Bank*, 10 S.W.3d at 310; *Penny*, 363 S.W.3d at 697.

Here, the trial court, while it still had plenary power, and after both parties had filed motions to modify its judgment, signed one final judgment granting appellees' matter-of-law and no-evidence summary-judgment motions and dismissing Littles's defamation per se claim. *See* TEX. R. CIV. P. 329b(d). And it explained that the final judgment superseded and replaced its previous orders. Thus, there is only one final judgment in this case. *See* TEX. R. CIV. P. 301; *see also Lehmann*, 39 S.W.3d at 195 (judgment final "if it disposes of all pending parties and claims in the record").

Finally, we note that Littles offers little discussion and even less support for her argument that the trial court was not authorized to "treat two final judgments as one." Consequently, she has waived that argument. *See* TEX. R. APP. P. 38.1(i) (requiring appellate brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). In any event, as explained above, the trial court retained plenary power to combine its two prior orders into one final judgment. To the extent that Littles asserts that a

trial court, even during its plenary period, is powerless to combine two prior orders into a single final judgment, we note that where trial courts have not combined multiple rulings into a single final judgment, reviewing courts have held that such separate and distinct trial court rulings may, taken together, constitute a single final judgment. *See, e.g.*, *Tex. Windstorm Ins. Ass'n v. Dickinson Indep. Sch. Dist.*, No. 14-16-00474-CV, --- S.W.3d ---, 2018 WL 2436924, at *17 (Tex. App.—Houston [14th Dist.] May 31, 2018, no pet. h.) ("Though the trial court signed a separate order on each of the three motions, the court signed the orders on the same day, and this court should construe these orders together. In doing so, this court should consider the orders as a whole toward the end of harmonizing and giving effect to all the trial court has written." (citations omitted)); *Henderson v. Shanks*, 449 S.W.3d 834, 838 (Tex. App.—Houston [14th Dist.] 2014, pet denied) (trial court did not err in disposing of case on same day by two different methods; rulings on two separate motions, signed on same day, constituted one final judgment).

Accordingly, we hold that the trial court did not err in signing a single final judgment that superseded and replaced its previous orders

### *Multiple Grounds for Summary Judgment*

Littles's argument that the trial court could not properly grant appellees' matter-of-law summary-judgment motion after granting their no-evidence summary-judgment motion is built on the false premise that the trial court had to

16

first deny summary judgment on no-evidence grounds before considering the matter-of-law grounds. However, the authorities cited in Littles's brief support the opposite conclusion.

In *Merriman v. XTO Energy, Inc.*, XTO Energy, Inc. ("XTO Energy") filed a combined matter-of-law and no-evidence summary-judgment motion, which the trial court granted. 407 S.W.3d at 247. The Texas Supreme Court did not fault the trial court for granting XTO Energy summary judgment on both grounds, but instead merely noted that "[w]hen a party moves for summary judgment on both [matter-of-law] and no-evidence grounds," an appellate court will, for practical purposes, typically review the no-evidence grounds first. *Id.* at 248.

Notably, nowhere in the *Merriman* opinion did the supreme court hold that the trial court had erred in granting XTO Energy summary judgment on multiple grounds or that the trial court could not properly grant XTO Energy's matter-of-law summary-judgment motion while also granting its no-evidence summary-judgment motion. *See id.*; *see also Okpere v. Nat'l Oilwell Varco, L.P.*, 524 S.W.3d 818, 824 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("[W]hen the trial court granted [appellees'] summary-judgment motion without specifying the grounds upon which the court granted the motion, the trial court implicitly granted judgment based on each of the grounds . . . ."); *Petrello v. Prucka*, 415 S.W.3d 420, 427 (Tex. App.—Houston [1st Dist.] 2013, no pet.)

17

("When summary judgment is sought and granted on *multiple grounds*, we will affirm the judgment if any of the grounds on which it is based is meritorious." (emphasis added)); *Blackburn v. Columbia Med. Ctr. of Arlington Subsidiary, L.P.*, 58 S.W.3d 263, 278 (Tex. App.—Fort Worth 2001, pet. denied) ("We hold that the trial court properly granted both the [matter-of-law] and no[-]evidence summary judgments . . . ."). Indeed, the fact that the court in *Merriman* suggested an order for appellate courts to review summary-judgment rulings belies Littles's argument that the trial court could not properly grant summary judgment on multiple grounds at the same time. *See Merriman*, 407 S.W.3d at 248; *Ford Motor Co.*, 135 S.W.3d at 600; *Deweese*, 2014 WL 6998063, at *2 n.1; *Petrello*, 415 S.W.3d at 427.

Accordingly, we hold that the trial court did not err in granting appellees' summary judgment on multiple grounds.

We overrule Littles's first issue.[15]

---

[15] Due to our disposition of Littles's first and third issues, we affirm the trial court's grant of summary judgment as a matter of law, and we need not address her second issue in which she argues that the trial court erred in granting appellees' no-evidence summary-judgment motion. *See* TEX. R. APP. P. 47.1; *Deweese v. Ocwen Loan Serv. L.L.C.*, No. 01-13-00861-CV, 2014 WL 6998063, at *2 n.1 (Tex. App.—Houston [1st Dist.] Dec. 11, 2014, no pet.) (mem. op.); *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010, pet. denied).

## Conclusion

We affirm the judgment of the trial court. The Court has unanimously voted to deny Littles's motion for en banc reconsideration.[16]

Terry Jennings
Justice

Panel consists of Justices Jennings, Keyes, and Higley.

---

[16] The en banc court consists of Chief Justice Radack and Justices Jennings, Keyes, Higley, Bland, Massengale, Brown, Lloyd, and Caughey.