**Opinion issued December 6, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00772-CV

————————————

## IN RE AJBJK, L.L.P., Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, AJBJK, LLP ("AJBJK"), has filed a petition for a writ of mandamus, challenging the trial court's order granting a motion to modify or reform a final judgment in the underlying proceeding.[1] In one issue, AJBJK contends that the trial

---

[1] The underlying case is *AJBJK, L.L.P., a Texas Limited Partnership v. Saefaldin Rahmati and Abdul Saeed Assadi Rahmati*, No. 11-DCV-194122, in the 240th District Court of Fort Bend County, Texas, the Honorable Chad Bridges presiding.

court's order is void on the ground that it was signed after the trial court's period of plenary power had expired.

We conditionally grant the petition.

**Background**

The underlying trial court proceeding involved the interpretation of reciprocal easements affecting adjacent properties owned by AJBJK and real parties in interest, Saefaldin Rahmati and Abdul Saeed Assadi Rahmati (collectively, "the Rahmatis"). AJBJK sought a declaration about the rights of the Rahmatis and their tenant to drive over and park on AJBJK's property and AJBK's rights to construct fences and control access to its property. It also sought a permanent injunction to allow it to reconstruct a fence on its property and to enjoin the Rahmatis and their tenant from entering upon, using, and parking on AJBJK's property. AJBJK sought damages of $20,000 for the Rahmatis' trespass and use of AJBJK's property, $20,000 for their "unauthorized entry upon" the property and "the destruction of [AJBJK's] chain link fence," and attorney's fees under the Uniform Declaratory Judgments Act (the "DJA").[2]

After a bench trial, the trial court signed a judgment that awarded, in part:

1.  Declaratory Judgment declaring that [the Rahmatis] have and possess no reciprocal easement rights regarding ingress, egress or parking over, across, or upon [AJBJK's] real property . . . ;

---

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2015).

2. Declaratory Judgment declaring that [AJBJK] is allowed to erect fences and/or barriers upon [its] real property to control access to and from [its] real property . . . ;

3. [AJBJK] is given a permanent injunction which hereby immediately orders, prohibits, and enjoins [the Rahmatis], their successors and assigns, [the Rahmatis'] tenant, their respective guests, vendors, customers, and employees from the use of, entrance upon, parking upon, or traverse over the real property . . . ; [and]

4. [AJBJK] is given judgment for and shall recover from [the Rahmatis] (a) $28,550.00 for attorneys fees, (b) $2,400.00 for attorney's related costs, (c) $4,000.00 for expert fees and (d) $1,400.00 for damages to [AJBJK's] fence; and all cash judgments bear interest at the rate of FIVE PERCENT (5.00%) per anum on the amount to be calculated from thirty days (30) after the entry of judgment until paid.

The Rahmatis appealed the trial court's judgment to this Court.[3] In their appeal, the Rahmatis challenged the trial court's declaratory judgment, the permanent injunction, and the award of damages in the amount of $1,400.00 for damages to AJBJK's fence.[4] We concluded that the evidence established that the Rahmatis "[had] an easement that includ[ed] ingress and egress over, and parking upon, AJBJK's real property."[5] And we held that the trial court erred in granting AJBJK declaratory and injunctive relief but did not err in awarding damages to

---

[3] *See Rahmati v. AJBJK, L.L.P.*, No. 01-15-01036-CV, 2017 WL 4820336 (Tex. App.—Houston [1st Dist.] Oct. 26, 2017, pet. denied) (mem. op.).

[4] *Id.* at *1. The Rahmatis did not challenge the trial court's award of attorney's fees, attorney's related costs, or expert fees. *See id.*

[5] *Id.* at *8.

3

AJBJK.[6]  Accordingly, we "revers[ed] the portions of the trial court's judgment granting AJBJK declaratory and injunctive relief and render[ed] judgment that the Rahmatis . . . have an easement over the Common Areas of the Shopping Center," and we "affirm[ed] the remainder of the judgment."[7]  We did not remand the case to the trial court.

AJBJK filed a petition for review in the Supreme Court of Texas, which denied the petition.  The Clerk of this Court then issued this Court's mandate.  After the mandate issued, AJBJK sought to enforce its judgment for attorney's fees, attorney's related costs, and expert fees in the trial court.  The Fort Bend County District Clerk issued an abstract of judgment reflecting awards to AJBJK in the amounts of $28,550.00 for attorney's fees, $2,400.00 for attorney's related costs, $4,000.00 for expert fees, and $1400.00 for damages to AJBJK's fence, plus post-judgment interest at the rate of five percent per annum.  And, at AJBJK's request, the district clerk issue a writ of execution.

The Rahmatis then filed in the trial court a motion to modify or reform the judgment and a request to stay the writ of execution.  They asserted that the trial court's previous awards of attorney's fees, attorney's related costs, and expert fees to AJBJK were "now wholly without legal basis, undeserved, and would result in an

---

[6]     *Id.* at *8–9.

[7]     *Id.* at *9.

4

inequitable and absurd windfall to the losing [AJBJK] and its attorneys to the detriment of the prevailing [Rahmatis]." And they also argued that no "equitable or just basis for [the trial court's] award of attorney's fees to [AJBJK]" remained because our Court had reversed "the entirety of the declaratory relief" originally granted by the trial court. According to the Rahmatis, "because the attorney's fees award [was] predicated on [AJBJK's] declaratory relief at trial, when [our Court] overruled the declaratory relief in its entirety, [we] *implicitly* overturned the declaratory relief-predicated attorney's fees award without the necessity of explicitly stating as such in [our] Mandate." (Emphasis added.) They asked the trial court to "modify or reform its Judgment in a manner consistent with the decision of [this Court] and the principles of equity and justice and vacate the portion of its judgment with respect to attorneys fees in its entirety." And they requested "a new accounting and determination of costs and expert fees to be awarded, if any, in light of [their] ultimate victory on the issues of declaratory and injunctive relief."

AJBJK responded with a plea to the trial court's jurisdiction, asserting that the portions of the trial court's judgment that this Court affirmed "included the award of attorney's fees and expenses and damages for the repair of the fence." And it argued that any order that the trial court issued would be void because its period of plenary power had expired. AJBJK further asserted that our reversal of the declaratory judgment portion of the trial court's judgment did not require reversal of the award

5

of attorney's fees to AJBJK. And it asked that the trial court deny the Rahmatis' motion and "the judgment be executed."

The trial court granted the Rahmatis' motion, concluding that its previous judgment should be modified or reformed "in keeping with" this Court's mandate. Thus, the trial court ordered:

> [AJBJK] is given judgment for and shall recover from [the Rahmatis] (a) **$0.00** for attorneys fees, (b) $_____ for costs, (c) **$0.00** for expert fees, and (d) **$1,400.00** for damages to [AJBJK's] fence; and all cash judgments bear interest at the rate of FIVE PERCENT (5.00%) per annum on the amount to be calculated thirty (30) days after the entry of judgment until paid.
> **Each party shall bear and pay all other costs incurred, which are not herein assessed.**

AJBJK then filed its petition for a writ of mandamus in this Court.

### Standard of Review

Mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Odyssey Healthcare, Inc.,* 310 S.W.3d 419, 422 (Tex. 2010) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *See In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). A trial court commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.,* 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (internal quotation and citation omitted). Mandamus relief is appropriate when a trial court has acted after its

6

plenary power has expired. *In re Lovito-Nelson,* 278 S.W.3d 773, 776 (Tex. 2009) (orig. proceeding); *In re Bates*, 429 S.W.3d 47, 50 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). When an order is void, the relator need not show that it does not have an adequate remedy by appeal. *In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding); *In re Sw. Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

## Discussion

In its sole issue, AJBJK argues that the trial court's order modifying and reforming its previous judgment is void because it was signed after the trial court had lost its plenary power and the trial court did not have any authority to modify or reform its previous judgment after this Court issued its mandate. In response, the Rahmatis assert that the trial court properly reformed its previous judgment "in a manner consistent with this Court's Opinion and Mandate, [the trial court's] original intentions behind its Final Judgment, and the principles of equity and justice." And they assert that the trial court's reformation of the judgment was an action "explicitly and implicitly mandated by this Court" following AJBJK's appeal.

A trial court retains plenary power over a case for thirty days after it has signed a final judgment. TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000); *Penny v. Shell Oil Prods. Co.*, 363 S.W.3d 694, 697 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A party can extend the

trial court's plenary power by timely filing an appropriate post-judgment motion—either a motion for new trial, or a motion to modify, correct, or reform the judgment—within thirty days after the trial court signs its final judgment or order. TEX. R. CIV. P. 329b(e), (g); *Lane Bank*, 10 S.W.3d at 310; *Penny*, 363 S.W.3d at 697. While the trial court retains its plenary power over a case, it has the power to correct, modify, vacate, or reform its judgment. TEX. R. CIV. P. 329b(d); *Lane Bank*, 10 S.W.3d at 310; *Penny*, 363 S.W.3d at 697.

Here, the trial court signed its final judgment on September 8, 2015. The Rahmatis timely filed a motion for new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(a), (c). The trial court thus had plenary power to modify or reform the judgment until December 22, 2015. TEX. R. CIV. P. 329b(e); *see Penny*, 363 S.W.3d at 697; *Martin v. Tex. Dep't of Family & Protective Servs.*, 176 S.W.3d 390, 392 (Tex. App.—Houston [1st Dist.] 2004, no pet.). When the Clerk of this Court issued our mandate on May 25, 2018, the trial court had already lost its plenary power, and it had no jurisdiction to modify or reform its previous judgment. *See Xiaodong Li v. DDX Grp. Inv., LLC*, 404 S.W.3d 58, 63 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Partners in Bldg., L.P. v. Eure*, No. 14-12-00123-CV, 2013 WL 1279407, at *2 (Tex. App.—Houston [14th Dist.] Mar. 28, 2013, no pet.).

Although the trial court could have regained jurisdiction if we had remanded the case or some portion of it to the trial court, we did not remand any portion of the case to the trial court after AJBJK's appeal. Thus, the trial court was without any authority to modify or reform its previous judgment. *See Harris Cty. Children's Protective Servs. v. Olvera*, 971 S.W.2d 172, 175 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *see also Partners in Bldg.*, 2013 WL 1279407, at *2 (trial court did not have authority to conduct new trial or vacate, modify, correct, or reform judgment based on court of appeals' affirmance of trial court judgment); *cf. Cleburne Food, LLC v. Zawideh*, No. 05-18-00436-CV, 2018 WL 3968486, at *3 (Tex. App.—Dallas Aug. 20, 2018, no pet.) (mem. op.) (if restricted appeal had resulted in reversal and remand, trial court's plenary power would have been restored).

Following AJBJK's appeal, the trial court had jurisdiction only to issue orders regarding the enforcement of its judgment, and it lacked authority to render any order that materially changed the relief awarded in the judgment. *See In re Akin Gump Strauss Hauer & Feld, LLP*, 252 S.W.3d 480, 493 n.20 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *Fuentes v. Zaragoza*, 534 S.W.3d 658, 665 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Bank One, N.A. v. Wohlfahrt*, 193 S.W.3d 190, 194–95 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Notably, the trial court in its order awarded AJBJK $0.00 for attorney's fees and expert fees, and it omitted

any award of attorney's related costs, which was inconsistent with, and materially changed, the trial court's previous judgment. Such action was outside the trial court's jurisdiction. *See Partners in Bldg.*, 2013 WL 1279407, at *2–3; *Malekzadeh v. Malekzadeh*, Nos. 14-05-00113-CV, 14-06-00341-CV, 2007 WL 1892233, at *8 (Tex. App.—Houston [14th Dist.] July 3, 2007, pet. denied). Significantly, in this case, we did not reverse the trial court's award of attorney's fees, attorney's related costs, or expert fees to AJBJK, and we did not remand the issues of attorney's fees, attorney's related costs, or expert fees to the trial court.[8]

We conclude that because the trial court lacked jurisdiction to render the order granting the Rahmatis' motion to modify or reform the judgment, the order is void. We conditionally grant the petition for a writ of mandamus and direct the trial court

---

[8] In their previous appeal, the Rahmatis did not challenge the trial court's award of attorney's fees, attorney's related costs, or expert fees on appeal. *See id.* at *1. Under the DJA, "[a] court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. And any award of attorney's fees "is not dependent on a finding that [a] party substantially prevailed." *Feldman v. KPMG LLP*, 438 S.W.3d 678, 685 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (internal quotation and citation omitted). In fact, "a trial court may award attorney's fees to a non-prevailing party as are equitable and just." *Id.* And we, as an appellate court, are not required to reverse an attorney's fee award under the DJA, even if we determine that the trial court erred in granting declaratory relief. *See Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 455 (Tex. 2015); *cf. Castille v. Serv. Datsun, Inc.*, No. 01-16-00082-CV, 2017 WL 3910918, at *11 (Tex. App.—Houston [1st Dist.] Sept. 7, 2017, no pet.) (holding trial court erred in granting declaratory judgment and reversal of attorney's fees award warranted, and specifically remanding issue of attorney's fees to trial court).

to vacate its order, signed August 6, 2018, granting the Rahmatis' motion to modify or reform the judgment.


Terry Jennings
Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.