**JEFFERSON SAVINGS & LOAN ASSOCIATION, Appellant,**

v.

**Carleton W. ADAMS, Jr., d/b/a Adams & Adams Architects, et al., Appellee.**

No. 04–89–00513–CV.

Court of Appeals of Texas, San Antonio.

Dec. 12, 1990.

Rehearing Denied Feb. 6, 1991.

G. Thomas Coghlan, Les Katona, Jr., Lang, Ladon, Green, Coghlan & Fisher, San Antonio, Haywood Gulley, Doran, Gulley & Etzel, Del Rio, James E. Montgomery, Jr., Sawtelle, Goode, Davidson & Troilo, San Antonio, for appellant.

Joel H. Pullen, Royal B. Lea, III, Kaufman, Becker, Pullen & Reibach, San Antonio, Ana Markowski, Sol E. Arledge, Del

Rio, John D. Wennermark, San Antonio, for appellee.

Before CADENA, C.J., and REEVES and BIERY, JJ.

## OPINION

REEVES, Justice.

This is an appeal from a garnishment hearing instituted by appellee, Carleton W. Adams, Jr. d/b/a Adams & Adams Architects and Associated Engineers (Adams), a judgment creditor, for funds deposited in the bank account of Gates Development Corporation (Gates), judgment debtor. Appellant, Jefferson Savings & Loan Association (Jefferson), intervened, claiming a prior right to the funds based upon an injunction; its claim was denied.

Jefferson alleges the trial court erred in:

1. entering judgment without providing Jefferson an opportunity to be heard on its plea in intervention and it's motion to dissolve;

2. entering judgment for Adams because the bank was not indebted to Gates nor did it hold funds belonging to Gates;

3. not finding the funds were *custodia legis;*

## THE INTERVENTION

■ This case arises out of Cause No. 16,412, *Adams v. Gates* filed on August 30, 1987. The court held that Adams could recover money due under a contract for architectural services and foreclosure of his Mechanic's and Materialman's Lien. On January 27, 1989, Jefferson filed a petition in Cause No. 17,592, *Jefferson v. Gates,* seeking to collect on a promissory note executed by Gates and for foreclosure of a lien on an apartment complex given as security for the note. Appellant also sought and was granted a temporary injunction to prevent Adams from executing on the apartments to satisfy their prior judgment. In the injunction the court ordered that all rents, profits, revenues and royalties from the Gateway Apartments be deposited into a bank account maintained in the name of the Gateway Apartments Operating Account (GAOA).

In an effort to collect its judgment Adams filed this garnishment action against American Bank of Commerce (American). The hearing on the garnishment was held on June 2, 1989 at which time American tendered the funds previously deposited in the GAOA pursuant to the temporary injunction in Cause No. 17,-592.

Jefferson filed a motion to intervene on June 20, 1989. The motion alleged that all or part of the funds in Cause No. 16,412, deposited in the account, were rents from tenants of the Gateway Apartments, an apartment complex owned by Gates, and that by virtue of a deed of trust executed by Gates the rents were pledged as collateral to secure a note payable to appellant, which was currently in default; and that in compliance with the deed of trust, appellant had exercised its rights and divested Gates of ownership of the funds. The motion further alleged that in another cause (16,412) pending before the trial court, an agreed temporary injunction had divested Gates of any interest in the rents of the apartment complex and ordered the rent proceeds that Adams sought impounded.

June 21, 1989 the trial court entered judgment in the garnishment proceeding which was held June 2, 1989. While there is no statement of facts of the June 2 hearing filed in this court, the judgment reveals that, "also present were Thomas Coghlan and Haywood Gulley, attorneys for Jefferson Savings and Loan Association. All parties being represented and no party having objected to the proceeding to hear this matter, the court proceeded to hear this matter." In a decretal paragraph of the decree awarding the funds to Adams it is provided that, "the Garnishee be and it is hereby discharged from any and all liability to Plaintiff, Gates Development Corporation and/or Jefferson Savings and Loan Association."

Adams filed a motion to strike the intervention which was overruled on October 20, 1989. The court found that it had "not rendered or entered (judgment) until the

written judgment was presented and signed on June 21, 1989, and that Jefferson Savings and Loan Association Plea in Intervention was timely filed...." The trial court was correct in allowing the intervention; an intervention is timely and proper if brought anytime before the judge renders his judgment. *Litoff v. Jackson,* 742 S.W.2d 788, 789 (Tex.App.—San Antonio 1987, no writ); *Gaines v. Baldwin,* 629 S.W.2d 81, 82 (Tex.App.—Dallas 1981, no writ); *St. Paul Insur. Co. v. Rahn,* 586 S.W.2d 701, 703 (Tex.Civ.App.—Corpus Christi 1979, no writ).

This point of error is overruled.

### THE GARNISHMENT & OWNERSHIP OF THE FUNDS.

■ The purpose of Jefferson's intervention was to prove it's entitlement to the funds and to dissolve the writ of garnishment. Jefferson contends that it has not had a hearing on the merits as to it's entitlement to the funds. TEX.R.CIV.P. 664a states in pertinent part; "... any intervening party who claims an interest in such property or account ... may seek to vacate, dissolve or modify the writ of garnishment ... for any grounds or cause ... The filing of the motion shall stay any further proceedings under the writ...." [1]

■ There is no statement of facts in the record for either the original garnishment hearing or the motion to intervene. Generally, in the absence of the statement of facts, the reviewing court will presume that sufficient evidence was introduced to support the findings of the fact finder and the judgment of the court. *Murray v. Devco, Ltd.,* 731 S.W.2d 555, 557 (Tex. 1987). The burden was upon Jefferson to bring forth a record showing reversible error. TEX.R.APP.P. 50(d), 53(k), *Murray,* 731 S.W.2d at 557.

American answered the writ of garnishment, stating, under oath, that it had in its possession $117,257.44 in an account in the name of the debtor Gates and that it had deposited the funds in the registry of the court. Jefferson contends that it is entitled to these funds because of a clause in a deed of trust and an agreed temporary injunction.

To secure a note signed by Gates, it executed a deed of trust which provided that Jefferson have the authority, "in the event and during the continuance of default in the performance of any of the obligations ... Jefferson could collect such ... rents from any such tenant or lessee...." On October 24, 1986 Jefferson's attorney wrote Gates a letter advising Gates that Jefferson was exercising its option under this paragraph of the deed of trust. The letter further demanded that Gates execute an assignment to effectuate the exercised option.

Jefferson contends that *Simon v. State Mutual Life Assurance Co.,* 126 S.W.2d 682 (Tex.Civ.App.—Dallas 1939, writ ref'd.) supports its theory under the deed of trust. In *Simon* the court held that a mortgagor who had an assignment of rents from the mortgagee had a superior right to rental income impounded in a bank pending determination of a suit on the note and foreclosure over a building contractor who had done work on the mortgaged premises. *Id.* at 686. Jefferson never collected the rents from the tenants nor exacted the assignment from Gates. The rental provision in the deed of trust allowed Jefferson to collect the rents due, but did not, by virtue of the default transfer to Jefferson rental proceeds. As stated in *Taylor v. Brennan,* 621 S.W.2d 592 (Tex.1981), Texas follows the lien theory of mortgages. The owner of the property is entitled to possession and rentals. *Id.* at 593.

It did not avail itself of the right conferred under the deed of trust. Jefferson and Gates agreed temporary injunction in Cause No. 17,592 was granted by the court. The court found that, "plaintiff has no adequate remedy at law and that immediate and irreparable injury, loss and/or damage will result to plaintiff unless the instant

---

1. There are exceptions within in the rule when a motion will not stay the writ but they are not applicable to this matter.

temporary injunction relief is granted in that the rents, profits and/or revenues of the subject property will be placed beyond the reach of plaintiff. . . ." The injunction ordered Gates to deposit all rental receipts in the GAOA, the subject of this suit. The temporary injunction also instructed Gates to:

1. deposit all funds derived from the apartment in it's account at American;

2. limit the expenditures from the account to the necessary expenses enumerated in the injunction, i.e. general and administrative, marketing, payroll, utility, maintenance, taxes, insurance, and other reasonable costs; and

3. maintain the books of the corporation according to acceptable accounting procedures and to file monthly reports.

The temporary injunction also ordered that Jefferson remain under a $10,000 bond which would remain in force pending final determination of the suit for foreclosure.

 The obvious purpose of the temporary injunction was to protect Jefferson's mortgaged property and to mitigate its damages. We are of the opinion that the impounded funds were not subject to the garnishment proceeding as long as the temporary injunction was in force. A temporary injunction is one which operates until dissolved by interlocutory order or until a final hearing on the matter. *Brines v. McIlhaney*, 596 S.W.2d 519, 523 (Tex.1980). The temporary injunction impounded the funds for the particular purpose of protecting appellant's interest in the property because there was "no adequate remedy at law." The Court found that ". . . [Jefferson's] alleged injury outweighs any injury which might occur to [Adams] if the Temporary Injunction be issued; . . ." Jefferson relied on the validity of this injunction as a basis for his claim of intervention.

 The suit in *Jefferson v. Gates* remains a separate action. *Jefferson v. Gates* and *Adams v. Gates* have not been consolidated. The trial court's determination in *Adams v. Gates* operates as a collateral attack upon the injunction granted to Jefferson in *Jefferson v. Gates*. A collateral attack is an attempt to impeach a

judgment offered as evidence of some right. *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325 (1895). As a general rule, the only judgments which may be subjected to collateral attack are those which are absolutely void and not merely voidable. *Perry v. Copeland*, 323 S.W.2d 339, 342 (Tex.Civ.App.—Texarkana 1959, writ dism'd.). It has not been shown that the injunction granted to Jefferson was void, therefore a collateral attack is not permissible. Appellant's point of error is sustained.

Judgment of the trial court is reversed and remanded to the trial court for a trial on the merits in accordance with this decision.

CADENA, C.J., concurs in the result.