**Petition for Writ of Mandamus Denied and Opinion filed May 15, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00228-CV

---

### IN RE E.C., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**309th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 2008-39339 & 2007-20638**

---

## OPINION

On March 19, 2014, relator E.C. filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Sheri Dean, presiding judge of the 309th District Court of Harris County, to dismiss the Texas Department of Family and Protective Services (the "Department") from the

underlying suits affecting the parent-child relationship ("SAPCRs").  We deny the petition.

## I. BACKGROUND

Relator is the maternal grandmother of the two children involved in the underlying SAPCRs.  On October 4, 2011, the Department filed original motions to modify and petitions for protection of a child, conservatorship, and termination in a suit affecting the parent-child relationship in cause numbers 2007-20638 and 2008-39339.

On October 10, 2011, the trial court signed an agreed order following an adversary hearing, appointing the Department temporary managing conservator in each case, and determined that the mandatory dismissal date for each case was October 12, 2012, pursuant to the Texas Family Code.  *See* Tex. Fam. Code Ann. § 263.401 (West 2014).

Relator filed a petition in intervention on November 7, 2011, in cause number 2007-20638, seeking to be appointed sole managing conservator of both children, even though only one child was the subject of cause number 2007-20638. Relator subsequently filed, on March 13, 2013, another petition in intervention in cause number 2008-39339, seeking to be appointed the sole managing conservator of the child subject to that suit.

On August 30, 2012, the trial court signed orders retaining cause numbers 2007-20638 and 2008-39339 on the docket, and setting a dismissal date of April 15, 2013 for each case, "which is a date not later than the 180th day after the time

prescribed by § 263.401(a) [of the Texas Family Code], unless a final order is rendered by that date." The orders further set a date for the next permanency hearing for November 15, 2012.

The cases were tried together before a jury, with trial commencing on March 14, 2013. The jury returned its verdicts on April 10, 2013; the jury found that Mother's parental rights should be terminated as to each child, and relator should be appointed managing conservator for both children, rather than the Department.[1] The trial court orally "accept[ed] and adopt[ed]" the jury's verdicts.

On June 28, 2013, the Department filed a motion for additional orders in each case, requesting the suspension of visitation between relator and the children, the discontinuation of harassing written and/or verbal communications from relator, and the completion of a previously court-ordered psychosocial/psychological evaluation of relator. On July 10, 2013, the Department filed a motion for new trial on the issue of managing conservatorship in both cases based on newly discovered evidence, and noticed a hearing for July 17, 2013. Relator moved to strike the hearing on the Department's motions for new trial on July 17, 2013, and moved to dismiss the Department from both suits on July 18, 2013. The trial court, on July 18, 2013, denied relator's motions to dismiss and signed orders in both cases suspending relator's visitation with the children.

---

[1] The trial court had already terminated Father's parental rights to the child in cause number 2008-39339 and the other Father's parental rights to the child in cause number 2007-20638.

On July 29, 2013, the trial court entered the orders modifying the prior orders and decrees for termination. In those orders, Mother's and each Father's parental rights were terminated, and relator was appointed sole managing conservator, with the Department continuing as possessory conservator of the children until they were relinquished to relator. However, on August 2, 2013, the trial court entered orders granting new trials in each case as to managing conservatorship, but not as to termination of parental rights, and reinstated the Department as temporary managing conservator of the children.

Relator filed a petition for writ of mandamus in this court. *See In re E.C.*, No. 14-13-01139-CV, 2014 WL 465901 (Tex. App.—Houston [14th Dist.] Feb. 4, 2014, orig. proceeding) (mem. op.). Relator sought the same relief she seeks in this current proceeding—that the Department be dismissed from the underlying suits. *Id.* at *1. Specifically, relator argued that the Department was required to be dismissed from the underlying suits pursuant to the statutory deadlines provided in Section 263.401 of the Texas Family Code. *Id.* at *2. We concluded that the trial court did not abuse its discretion by denying relator's motions to dismiss because they were not timely filed. *Id.* at *2−3; *see also* Tex. Fam. Code Ann. § 263.402(b) (West 2014). We did not address the effects of the granting of the new trials on the statutory dismissal date or the date for timely filing the motions to dismiss because relator had not raised the issue in the trial court. *See E.C.*, 2014 WL 465901, at *4. We denied relator's petition and her subsequent motions for rehearing and en banc reconsideration.

Thereafter, relator filed new motions to dismiss in the trial court, arguing that granting the Department's new trials on conservatorship allowed the Department to avoid the statutory deadlines. On February 25, 2014, the trial court denied relator's motions to dismiss.[2] The cases are set for trial on September 22, 2014. This mandamus followed.

## II. ANALYSIS

Although relator raises the same issues she raised in her prior petition for writ of mandamus, our analysis will focus on the effect of the new trials on the statutory deadlines as to the specific facts of this case.

### A. Sections 263.401 and 263.402 of the Texas Family Code

Section 263.401(a) of the Texas Family Code requires the dismissal of a SAPCR *filed by the Department* requesting the termination of parental rights or requesting that the Department be named managing conservator, "[u]nless the court has commenced trial on the merits or granted an extension under Subsection (b), on the first Monday after the anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator." Tex. Fam. Code Ann. § 263.401(a).

Section 263.401(b) provides for a maximum 180-day extension to retain the SAPCR on the court's docket. *Id.* § 263.401(b). "Unless the court has

---

[2] The trial court also held a permanency hearing on February 25, 2014, and ordered that "No contact with grandmother, [E.C.], shall continue in effect until [E.C.] completes the court ordered recommendation including but not limited to the psychological." The trial court set the next permanency hearing for May 15, 2014.

commenced trial on the merits," it may not retain the suit on its docket, "unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." *Id.*

Finally, section 263.401(c) provides the court "shall dismiss the suit" if the court granted an extension but does "not commence trial on the merits" before the dismissal date with the 180-day extension. *Id.* § 263.401(c). Moreover, the court may not grant any additional extensions that would extend the suit beyond the 180-day extension. *Id.*

A motion to dismiss is timely if the motion is made before the trial on the merits commences. Tex. Fam. Code Ann. § 263.402(b). A party who fails to timely make a motion to dismiss waives the right to object to the trial court's failure to dismiss the suit. *Id.*

## B.      Relator's Intervention Could Have Been Brought in a Separate Action

Relator filed two virtually identical petitions in intervention. She asserted that she had standing to intervene, and pleaded for conservatorship of the children as follows:

> *9.      Conservatorship*
>
> It is in the best interest of the children that Intervenor be appointed sole managing conservator of the children. Further, appointment of a parents [sic] as sole managing conservators would not be in the best interest of the children because the appointment

6

would significantly impair the children's physical health or emotional development.

Under Texas Rule of Civil Procedure 60, "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." Tex. R. Civ. P. 60. Upon filing of the petition, an intervenor becomes a party to the suit for all purposes. *In the Interest of D.D.M.*, 116 S.W.3d 224, 231 (Tex. App.—Tyler 2003, no pet.).

Relator's intervention could have been brought in a separate action. *See In the Interest of A.C.*, No. 2-08-407-CV, 2009 WL 1815658, at *4−5 (Tex. App.—Fort Worth June 25, 2009, no pet.) (mem. op.) (holding that the trial court did not abuse its discretion in severing foster mother's claims in her petition in intervention and trying them separately from the Department's claims because her claims were not so interwoven with the termination suit that they could not be tried separately).

## C. The Partial New Trial Did Not Disturb the Termination of the Parental Rights

The trial court's grant of the partial new trial did not disturb the termination of parental rights. A partial new trial may be granted when such part is clearly separable without unfairness to the parties. Tex. R. Civ. P. 320. Granting a new trial has the legal effect of vacating the original judgment and returning the case to the trial docket as though there had been no previous trial or hearing. *Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). When a motion for new trial is granted, the original judgment is set aside and the parties may proceed without prejudice from previous proceedings. *Id.*

Thus, when the trial court grants a motion for new trial, the court essentially wipes the slate clean and starts over. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005).

Relator sought appointment as sole managing conservator of the children, not the termination of Mother's parental rights. No party moved to strike her petition in intervention. Relator's claims are not necessarily contingent upon the Department's request for termination of parental rights.[3] Therefore, the trial court could properly grant a partial new trial on conservatorship.

## D.    The Remaining Claim Is Not Subject to the Section 263.402 Time Guidelines

The partial granting of the new trial had the effect of setting the conservatorship issue on the docket as though it had never been tried. Relator contends that, because the new trial was granted on the conservatorship issue, her motions to dismiss the Department were timely filed under section 263.402, the trial court was required to dismiss the Department from the suits, and the Department may not use a new trial to circumvent the statutory deadlines set forth

---

[3] *See In the Interest of A.C.*, 2009 WL 1815658, at *4−5 (holding that the trial court did not abuse its discretion in severing foster mother's claims in her petition in intervention and trying them separately from the Department's claims because her claims were not so interwoven with the termination suit that they could not be tried separately); *In re Roxsane R.*, 249 S.W.3d 764, 773 (Tex. App—Fort Worth 2008, orig. proceeding) (holding that foster parents' claims were contingent upon, and not independent of, the Department's allegations where they pleaded that the Department be continued as managing conservator, either in a final order or in a monitored return, with their request to be appointed managing conservators made in the alternative); *D.D.M.*, 116 S.W.3d at 232 (holding that foster parents' petition in intervention asking for termination and appointment of joint managing conservators was affirmative relief that was independent of the Department's cause of action and would survive if the Department were dismissed from the suit).

in section 263.401. Relator's arguments assume that section 263.401's deadlines are applicable to her intervention. We disagree with such an assumption. Mother's rights have been terminated in the Department's suits against her. At this point, relator's conservatorship claims are *against the Department*. This is not a "suit affecting the parent-child relationship *filed by the department* that requests termination of the parent-child relationship or requests that the department by named conservator of the child" under section 263.401. *See* Tex. Fam. Code Ann. § 263.401(a) (emphasis added). Consequently, the section 263.401 deadlines are not applicable in this case.[4] We conclude that the trial court did not abuse its discretion by denying relator's motions to dismiss.

Accordingly, we deny relator's petition for writ of mandamus.


/s/     Marc W. Brown
Justice


Panel consists of Justices Boyce, Christopher, and Brown.

---

[4] In our prior opinion, we addressed the timeliness of relator's motions to dismiss the Department's suits in the trial court. *E.C.*, 2014 WL 465901, at *2−3. We implied that the deadlines in sections 263.401 and 263.402 applied to this intervention. However, assuming that the deadlines applied, our previous conclusion that relator's motions to dismiss were untimely is nonetheless correct.