**Opinion issued November 27, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00250-CV

_____

## DAVID LANCASTER, Appellant

## V.

## DIANE ST. YVES AND THE LAW OFFICE OF DIANE ST. YVES, P.L.L.C, Appellees

---

### On Appeal from the 247th District Court
### Harris County, Texas
### Trial Court Case No. 2013-05066

---

## MEMORANDUM OPINION

Appellant, David Lancaster, challenges the trial court's rendition of summary judgment in favor of appellees, Diane St. Yves and The Law Office of Diane St. Yves, P.L.L.C. (collectively, "St. Yves"), on his counterclaims against her for fraud, negligence, gross negligence, breach of contract, breach of fiduciary duty, and

violations of the Texas Deceptive Trade Practices Act ("DTPA").[1]  In four issues,
Lancaster contends that the trial court erred in granting summary judgment in favor
of St. Yves on the ground that his claims are barred by res judicata and in failing to
vacate a "void" protective order and certain "void" criminal convictions.

We affirm.

## Background[2]

On September 9, 2009, the trial court issued a default protective order (the
"2009 protective order") against Lancaster, prohibiting him from contacting or
committing violence against his then-wife, Barbara Lancaster.[3]  In December 2011,
Lancaster retained St. Yves to represent him in his divorce proceedings against
Barbara and in two criminal contempt proceedings related to his violations of the
2009 protective order.[4]

---

[1]     *See* TEX. BUS. & COM. CODE ANN. § 17.46 (Vernon Supp. 2018).

[2]     An appellate court may take judicial notice of its own records in the same or related
        proceedings involving the same or nearly the same parties.  *See In re Chaumette*,
        456 S.W.3d 299, 303 n.2 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding);
        *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.1 (Tex. App.—Houston [1st Dist.]
        2006, no pet.).  We take judicial notice of the records filed in Lancaster's previous
        appeal in *Lancaster v. Lancaster*, No. 01-14-00845-CV, 2015 WL 9480098 (Tex.
        App.—Houston [1st Dist.] Dec. 29, 2015, no pet.) (mem. op.).

[3]     Cause No. 2009–53749 (247th Dist. Ct., Harris Cty., Tex., Sept. 9, 2009, order).

[4]     In July 2012, Lancaster pleaded guilty to two separate offenses of violating the 2009
        protective order.  *See Lancaster v. St. Yves*, No. 01-16-00911-CV, 2017 WL
        5494975, at *1 n.3 (Tex. App.—Houston [1st Dist.] Nov. 16, 2017, pet. denied)
        (mem. op.).

2

In 2012, the trial court issued an agreed final decree of divorce, dissolving Lancaster's marriage to Barbara. In addition, the 280th District Court granted Barbara a second protective order against Lancaster (the "2012 protective order").[5]

On January 13, 2013, Lancaster filed a petition for a bill of review, challenging the 2009 protective order, with St. Yves representing him in the matter. On April 3, 2014, she moved to withdraw as Lancaster's attorney in the bill-of-review proceeding and filed a petition in intervention, asserting a claim against Lancaster for unpaid attorney's fees. After unsuccessfully moving to strike St. Yves's petition in intervention, Lancaster filed an answer, generally denying the allegations in her petition. He did not file any counterclaims. On May 9, 2014, the trial court granted St. Yves's motion to withdraw, but did not initially rule on her intervening claim for attorney's fees.

On July 23, 2014, the trial court denied Lancaster's petition for a bill of review (the "bill-of-review order"), and on October 16, 2014, Lancaster appealed the bill-of-review order to this Court.[6] On December 16, 2014, this Court sent Lancaster notice of our intent to dismiss his appeal of the bill-of-review order for a lack of jurisdiction because the record showed that St. Yves's claim, in her petition for

---

[5] *See* TEX. FAM. CODE ANN. § 85.002 (Vernon 2014); *Lancaster v. Lancaster*, No. 01-12-00909-CV, 2013 WL 3243387, at *1–2 (Tex. App.—Houston [1st Dist.] June 25, 2013, no pet.) (mem. op.) (affirming 2012 protective order).

[6] *See Lancaster*, 2015 WL 9480098, at *1–5.

3

intervention, for attorney's fees remained pending. In response, Lancaster informed the Court that the trial court's bill-of-review order had in fact become final because the trial court, on December 15, 2014, signed an "Order on Intervenor's Petition for Attorney's Fees" (the "order on intervention"), disposing of St. Yves's claim for attorney's fees against him. In the order on intervention, the trial court found that St. Yves's fees for representing Lancaster were reasonable and necessary, and it awarded St. Yves a judgment of $27,258.56 in unpaid attorney's fees.

Subsequently, in Lancaster's appeal of the bill-of-review order, this Court held that the record did not affirmatively show strict compliance with the Texas Rules of Civil Procedure in the serving of Lancaster with Barbara's application underlying the 2009 protective order.[7] Thus, the trial court was without jurisdiction over Lancaster, the 2009 protective order was void, and the trial court erred in issuing the 2009 protective order against Lancaster because he was not properly served.[8] Accordingly, the Court reversed the trial court's bill-of-review order and remanded the case to the trial court for further proceedings in accordance with our opinion.[9] Lancaster also asserted on appeal that after the trial court had issued its 2009 protective order, he was globally "subjected to additional due process

---

[7] *See id.* at *3–4.

[8] *See id.*

[9] *See id.* at *5.

violations" by various courts and in various orders, including the 2012 protective order and the order on intervention.[10] (Internal quotations omitted.) However, he did not specifically challenge the merits of the trial court's December 15, 2014 order on intervention, which had awarded St. Yves a judgment of $27,258.56 on her claim for attorney's fees.[11] Thus, this Court expressly limited our review on appeal to the order that Lancaster had actually appealed from, i.e., the trial court's bill-of-review order.[12]

Upon remand of Lancaster's bill-of-review proceeding, the trial court found that because the record did not affirmatively show strict compliance with the Texas Rules of Civil Procedure in the serving of Lancaster with Barbara's application underlying the 2009 protective order, the trial court "did not acquire personal jurisdiction over [Lancaster]" and the 2009 protective order was void. Thus, the trial court granted Lancaster's petition for a bill of review.

Lancaster then filed in the trial court a "First Amended Original Answer, Denial and Counterclaim" in response to St. Yves's previously filed April 2014 petition in intervention, in which she had asserted her intervening claim for attorney's fees. In addition to generally denying the allegations in the petition in

---

[10]     *See id.*

[11]     *See id.*

[12]     *See id.*

5

intervention, Lancaster, in his answer, brought counterclaims against St. Yves for fraud, negligence, gross negligence, breach of contract, breach of fiduciary duty, and violations of the DTPA. And he alleged that St. Yves had committed malpractice while representing him in bringing a claim against him for attorney's fees because she had "knowingly t[aken] an inconsistent position against her own client's interests."

In regard to his fraud counterclaim, Lancaster alleged that St. Yves had "submitted invoices to [him] which contained falsified entries of time and hours worked," made false and misleading representations that "the actions [that she had] billed for [were] necessary," and "concealed from or failed to disclose certain material facts" that she "had a duty to disclose."

In regard to his negligence counterclaim, Lancaster alleged that St. Yves breached the "duty to exercise reasonable care in the[] legal representation" of him by failing to "properly initiate and prosecute to final judgment the required claims and causes of actions to protect and secure [his] legal rights," "act as a reasonably prudent lawyer," "look out for [his] best interest," "fully and zealously represent [him]," "properly research all issues and facts," "properly advise [him]," "adequately review records," and "follow [his] instructions."[13]

---

[13]  Lancaster also brought a counterclaim against St. Yves for gross negligence.

In regard to his breach-of-contract counterclaim, Lancaster alleged that St. Yves had "breached her fee agreement with [him] by charging excessive and unconscionable legal fees" and by "[f]ail[ing] to fulfill her promises to provide adequate legal services." And in regard to his breach-of-fiduciary-duty counterclaim, Lancaster alleged that St. Yves had breached the "dut[ies] of candor, loyalty, integrity," "fair and honest dealing," and "full disclosure," which she owed to him by virtue of their attorney-client relationship, because she had "charg[ed] [him] excessive, unconscionable and unreasonable attorney['s] fees."

In regard to his counterclaim for violations of the DTPA, Lancaster alleged that St. Yves violated the DTPA by "[f]ailing to disclose to [him] information concerning rights," misrepresenting that her services were of a particular standard or quality or had certain characteristics or benefits, misrepresenting that she was a "competent and ethical lawyer[]," and "testif[ying] against" his interests.

In regard to each of his counterclaims, Lancaster further alleged that St. Yves's misrepresentations and breaches proximately caused him to "suffer[] damages," and he sought fee forfeiture and actual and exemplary damages in excess of $1,000,000.00.

In response to Lancaster's counterclaims, St. Yves answered, generally denying the allegations and asserting various affirmative defenses, including that Lancaster's counterclaims were barred by res judicata. She then moved for summary

7

judgment, arguing that she was entitled to judgment as a matter of law on all of Lancaster's counterclaims because the evidence conclusively established her affirmative defense of res judicata. Specifically, St. Yves asserted that the evidence showed that there was a prior final judgment on the merits, i.e., the trial court's December 15, 2014 order on intervention, which had disposed of her claim for attorney's fees, she and Lancaster were the parties to the intervention, and his counterclaims should have been raised in the intervention proceeding and before the trial court entered its order on intervention.

In response to St. Yves's summary-judgment motion, Lancaster argued that she could not meet her burden of establishing the affirmative defense of res judicata because this Court, in its opinion in his previous appeal of the trial court's bill-of-review order,[14] reversed and remanded the "entirety" of his case, including the trial court's December 15, 2014 order on intervention, in which it had awarded St. Yves her attorney's fees; the trial court's order on intervention was thus "void"; and his counterclaims were "timely filed as a matter of right."

The trial court granted St. Yves summary judgment and dismissed all of Lancaster's counterclaims against her.

---

[14]     *See id.* at *1–5.

## Summary Judgment

In his third and fourth issues, Lancaster argues that the trial court erred in granting St. Yves summary judgment based on her affirmative defense of res judicata because the trial court's December 15, 2014 order on intervention was "void" and she could not "show a valid final judgment."

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In conducting our review, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215.

To prevail on a matter-of-law summary-judgment motion, the movant must establish that no genuine issue of material fact exists and the trial court should grant judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When the movant moves for summary judgment on an affirmative defense, she must plead and conclusively establish each essential element of the affirmative defense, thereby defeating the non-movant's cause of action. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Yazdchi v. Bank One, Tex., N.A.*, 177 S.W.3d 399, 404 (Tex. App.—Houston [1st

Dist.] 2005, pet. denied). Once the movant meets her burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *See Siegler*, 899 S.W.2d at 197; *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The evidence raises a genuine issue of fact if reasonable and fair-minded fact finders could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

Res judicata is an affirmative defense that bars relitigation of claims that have been finally adjudicated or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996); *see* TEX. R. CIV. P. 94 (identifying res judicata as affirmative defense). A party relying on res judicata must prove (1) a prior final determination on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims as were or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

We apply a "transactional approach" to res judicata, which requires that "claims arising out of the same subject matter . . . be litigated in a single lawsuit." *Hallco Tex., Inc. v. McMullen Cty.*, 221 S.W.3d 50, 58 (Tex. 2006); *see also Gracia v. RC Cola–7–Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984) ("The judgment

10

in the first suit precludes a second action by the parties and their privies on matters actually litigated and on causes of action or defenses arising out of the same subject matter that might have been litigated in the first suit."). The doctrine of res judicata is "substantially similar" to the compulsory counterclaim rule, which requires a defendant to bring as a counterclaim "any claim that 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.'" *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 630 (Tex. 1992) (quoting TEX. R. CIV. P. 97(a)). The doctrine of res judicata "serves vital public interests" by promoting the finality of judgments and prevents needless, repetitive litigation. *Hallco Tex., Inc.*, 221 S.W.3d at 58 (internal quotations omitted).

Here, Lancaster does not challenge the trial court's summary judgment in regard to the second and third elements of St. Yves's res judicata defense, i.e., that the identity of the parties are the same and the second action is based on the same claims or claims that could have been raised in the first action. *See Travelers Ins. Co.*, 315 S.W.3d at 862. Instead, Lancaster only challenges the first element of St. Yves's res judicata defense, i.e., the existence of a prior final determination on the merits by a court of competent jurisdiction. *See id.*

Lancaster argues that there is no prior final determination on the merits by a court of competent jurisdiction because the trial court's order on intervention is

11

"void."[15]  He asserts that the trial court's July 23, 2014 bill-of-review order was a final judgment, the trial court's plenary power expired thirty days after the bill-of-review order was signed, i.e., on August 22, 2014, and the trial court's December 15, 2014 order on intervention, awarding St. Yves a judgment against him on her claim for attorney's fees, was signed after the trial court's plenary power had expired.

Generally, a judgment is final if it disposes of all pending parties and claims in the record.  *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 204 (Tex. 2001).  In cases in which there is not a conventional trial on the merits, a judgment is final for purposes of appeal only if it either actually disposes of all claims and parties before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment.  *Id.* at 192–93.  If other claims remain in the case, "an order determining the last claim is final."  *Id.* at 200.

After a trial court signs a final judgment, absent a timely post-judgment motion extending the trial court's plenary power, it retains jurisdiction over a case for thirty days.  TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip.*,

---

[15]  Lancaster previously asserted in a petition for a writ of mandamus filed in this Court that the trial court's December 15, 2014 order on intervention was void because of procedural deficiencies.  This Court denied his petition.  *See In re Lancaster*, Nos. 01-14-000985-CV, 01-14-00986-CV, 2015 WL 555057, at *1 (Tex. App.—Houston [1st Dist.] Feb. 10, 2015, orig. proceeding) (mem. op.); *see also St. Yves*, 2017 WL 5494975, at *4 n.12.

*Inc.*, 10 S.W.3d 308, 310 (Tex. 2000); *Penny v. Shell Oil Prods. Co.*, 363 S.W.3d 694, 697 (Tex. App.—Houston [1st Dist.] 2011, no pet.). While the trial court retains its plenary power over a case, it has the power to correct, modify, vacate, or reform its judgment. TEX. R. CIV. P. 329b(d), (e). Any modified, corrected, or reformed judgment signed after the trial court's plenary power has expired is void. TEX. R. CIV. P. 329b(f); *Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *Penny*, 363 S.W.3d at 697.

St. Yves's summary-judgment evidence shows that she, on April 3, 2014, while Lancaster's petition for a bill of review was pending in the trial court, moved to withdraw as Lancaster's attorney and filed a petition in intervention, asserting a claim against Lancaster for unpaid attorney's fees.[16] On July 23, 2014, the trial court signed the bill-of-review order, denying Lancaster's petition, but not addressing St. Yves's intervening claim for attorney's fees. Because there remained a claim

---

[16] We note that "[a] plea in intervention in [a] principal suit is an appropriate vehicle by which a discharged attorney may recover fees for services rendered." *Maldonado v. Rosario*, No. 01-12-01071-CV, 2013 WL 1316385, at *2 (Tex. App.—Houston [1st Dist.] Apr. 2, 2013, no pet.) (mem. op.) (internal quotation omitted)); *see also St. Yves*, 2017 WL 5494975, at *5 n.13. Generally, an intervention is timely if brought any time before the trial court renders a judgment. *Jefferson Sav. & Loan Ass'n v. Adams*, 802 S.W.2d 811, 813 (Tex. App.—San Antonio 1990, writ denied); *see also St. Yves*, 2017 WL 5494975, at *5 n.13. On the filing of the petition in intervention, unless stricken by the trial court, the intervenor becomes a party to the suit for all purposes. *See In re E.C.*, 431 S.W.3d 812, 815 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding [mand. denied]); *In re D.D.M.*, 116 S.W.3d 224, 231 (Tex. App.—Tyler 2003, no pet.); *see also St. Yves*, 2017 WL 5494975, at *5 n.13.

outstanding, the trial court's July 23, 2014 bill-of-review order was interlocutory and not a final judgment. *See Guajardo v. Conwell*, 46 S.W.3d 862, 863–64 (Tex. 2001) (summary-judgment order interlocutory because intervenor's claim for attorney's fees remained pending); *Lancaster v. St. Yves*, No. 01-16-00911-CV, 2017 WL 5494975, at *5 (Tex. App.—Houston [1st Dist.] Nov. 16, 2017, pet. denied) (mem. op.); *see also Flores v. Sandoval*, No. 01-02-01197-CV, 2004 WL 966328, at *2 (Tex. App.—Houston [1st Dist.] May 6, 2004, no pet.) (mem. op.) (agreed judgment interlocutory because did not include intervening party's claim for attorney's fees). It is well-established that when a judgment rendered in a bill of review proceeding does not dispose of the entire controversy, it is not a final judgment from which an appeal will lie. *St. Yves*, 2017 WL 5494975, at *5; *Kessler v. Kessler*, 693 S.W.2d 522, 525 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.). Because the trial court's July 23, 2014 bill-of-review order was interlocutory, the trial court's plenary power did not expire on August 22, 2014. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995); *St. Yves*, 2017 WL 5494975, at *5; *see also* TEX. R. CIV. P. 329b(d); *Harris Cty. Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 194 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (signing of final order begins countdown of loss of trial court's plenary power).

Further, the evidence shows that on December 15, 2014, the trial court signed its order on intervention, which disposed of St. Yves's claim for attorney's fees

14

against Lancaster. And at that point, no outstanding claims or parties remained. Thus, the trial court's order became final. *See Lehmann*, 39 S.W.3d at 200 (when other claims remain in case, "an order determining the last claim is final"); *see also St. Yves*, 2017 WL 5494975, at *6. And because the trial court signed its order on intervention within its plenary jurisdiction, that order is not void. *See St. Yves*, 2017 WL 5494975, at *6; *see also* TEX. R. CIV. P. 329b(d).

Moreover, we note that in connection with Lancaster's previous appeal of the trial court's bill-of-review order, this Court, on December 16, 2014, sent Lancaster notice of our intent to dismiss his appeal for a lack of jurisdiction because the record showed that St. Yves's claim for attorney's fees in her petition in intervention remained pending. In response, Lancaster informed the Court that the trial court's bill-of-review order had in fact become *final* because the trial court, on December 15, 2014, had signed the order on intervention, disposing of St. Yves's claim for attorney's fees. Lancaster then asserted that this Court had jurisdiction over his appeal from the bill-of-review order because no outstanding claims or parties remained. *See St. Yves*, 2017 WL 5494975, at *6; *see also Lancaster v. Lancaster*, No. 01-14-00845-CV, 2015 WL 9480098, at *1–5 (Tex. App.—Houston [1st Dist.] Dec. 29, 2015, no pet.) (mem. op.) (addressing merits of Lancaster's appeal of bill-of-review order because we had jurisdiction to do so).

15

Lancaster further argues that there is no prior final determination on the merits by a court of competent jurisdiction because this Court, in his previous appeal, reversed the trial court's bill-of-review order,[17] resulting in a reversal of the trial court's December 15, 2014 order on intervention.

Generally, when an appellate court reverses and remands a case for further proceedings, and the mandate is not limited by special instructions, the effect is to remand the case to the lower court on all issues of fact, and the case is reopened in its entirety. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986); *St. Yves*, 2017 WL 5494975, at \*6; *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 392 S.W.3d 729, 734 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). However, if an appellate court remands a case with specific instructions, the trial court is limited to complying with the instructions and cannot re-litigate issues controverted at the former trial. *See St. Yves*, 2017 WL 5494975, at \*6; *Denton Cty. v. Tarrant Cty.*, 139 S.W.3d 22, 23 (Tex. App.—Fort Worth 2004, pet. denied). "Thus, in a subsequent appeal, instructions given to a trial court in the former appeal will be adhered to and enforced." *Hudson*, 711 S.W.2d at 630. When interpreting our mandate, the trial court should "look not only to the mandate itself[,] but also to the opinion of the [appellate] court." *Simulis, L.L.C.*, 392 S.W.3d at 734; *see also St. Yves*, 2017 WL 5494975, at \*6; *Freightliner Corp. v. Motor Vehicle Bd. of Tex. Dep't of Transp.*,

---

[17]     *See Lancaster*, 2015 WL 9480098, at \*5.

16

255 S.W.3d 356, 363 (Tex. App.—Austin 2008, pet. denied) ("The opinion of the appellate court is instructive in interpreting any limitations placed on the scope of the remand.").

Here, in Lancaster's previous appeal of the trial court's July 23, 2014 bill-of-review order, this Court "reverse[d] the trial court's order denying [Lancaster's] petition for a bill of review," and we "remand[ed] the case to the trial court for further proceedings consistent with [our] opinion." *See Lancaster*, 2015 WL 9480098, at *5. In doing so, this Court held that the trial court erred in denying Lancaster's petition for a bill of review because the record did not affirmatively show strict compliance with the Texas Rules of Civil Procedure in the serving of him with Barbara's application for the underlying 2009 protective order. *See id.* at *3–4. And we noted that Lancaster had also asserted that after the trial court had issued its 2009 protective order, he was globally "subjected to additional due process violations" by various courts and in various orders, including the 2012 protective order and the order on intervention; however, he did not specifically challenge the merits of the trial court's December 15, 2014 order on intervention, which had disposed of St. Yves's intervening claim for unpaid attorney's fees. (Internal quotations omitted.) *See id.* at *5. Thus, this Court expressly limited our review in Lancaster's appeal to the order from which Lancaster had appealed, i.e., the trial court's bill-of-review order. *See id.* Notably, this Court did not review, and thus could not have reversed

17

and remanded to the trial court, the order on intervention in which the trial court had awarded St. Yves a judgment on her claim for attorney's fees. *See id.*; *see also Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (appellate court may not reverse case on unassigned error); *St. Yves*, 2017 WL 5494975, at *6.

St. Yves conclusively established that the trial court's December 15, 2014 order on intervention, awarding her $27,258.56 in unpaid attorney's fees, was a prior final judgment on the merits by a court of competent jurisdiction. And Lancaster does not challenge on appeal that the identity of the parties in the prior and instant suit are the same or that his counterclaims should have been raised in St. Yves's intervention proceeding. Thus, St. Yves has conclusively established the elements of her res judicata defense. *See Joachim*, 315 S.W.3d at 862; *St. Yves*, 2017 WL 5494975, at *7. Accordingly, we hold that the trial court did not err in granting St. Yves summary judgment on Lancaster's counterclaims.

We overrule Lancaster's third and fourth issues.[18]

---

[18] In response to Lancaster's fourth issue, St. Yves also asserts that the trial court's August 18, 2016 judgment in *David Lancaster v. St. Yves*, Cause No. 2016-07653-A, in the 61st District Court of Harris County, Texas is another "prior final [judgment] on the merits by a court of competent jurisdiction." *See St. Yves*, 2017 WL 5494975, at *1–7 (affirming trial court's rendition of summary judgment in favor of St. Yves in Lancaster's suit against her for fraud, negligence, gross negligence, breach of contract, breach of fiduciary duty, and violations of DTPA filed in 61st District Court of Harris County, Texas). Because we have held that St. Yves has conclusively established that the trial court's December 15, 2014 order on intervention was a prior final judgment on the merits by a court of competent jurisdiction, we need not address appellant's assertion that the trial court erred in granting St. Yves summary judgment "based upon [r]es [j]udicata of the 61st

18

## Void Protective Order and Criminal Convictions

In his first issue, Lancaster argues that the trial court erred in not vacating the "void" 2009 protective order because it was "illegally entered" and he was "entitled to have . . . [it] vacated as a matter of right." In his second issue, Lancaster argues that the trial court erred in not vacating certain "void" criminal convictions because the 2009 protective order was "void," "[t]he void convictions are a violation of [his] rights of due process," and the trial court had "jurisdiction o[ver] th[e] collateral attack of the void convictions" and a "ministerial duty to vacate the void convictions as a matter of law."

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This requirement is not satisfied by conclusory statements." *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.); *Yoonessi v. D'Arcy*, No. 05-07-00689-CV, 2008 WL 4981631, at *1 (Tex. App.—Dallas Nov. 25, 2008, pet. denied) (mem. op.) (pro se appellant bears burden of discussing his assertions of error). A failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal. *Vogt*, 373 S.W.3d at 75; *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—

---

Judicial District Court['s] . . . [s]ummary [j]udgment" order. *See* TEX. R. APP. P. 47.1.

19

Dallas 2006, no pet.); *Cervantes-Peterson v. Tex. Dep't of Family & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Here, Lancaster does not provide the Court with any appropriate analysis, discussion, or support for his complaints on appeal that the trial court erred in not vacating the "void" 2009 protective order and certain "void" criminal convictions. *See* TEX. R. APP. P. 38.1(i); *Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) ("Our appellate rules have specific requirements for briefing. These rules require appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record." (internal citation omitted)); *Huey*, 200 S.W.3d at 854 ("We have no duty to brief appellant's issue for [him]. Failure to cite to applicable authority or provide substantive analysis waives an issue on appeal."); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) (pro se litigants held to same standards as licensed attorneys and required to comply with applicable laws and rules of procedure); *Hopes-Fontenot v. Farmers New World Life Ins. Co.*, No. 01-12-00286-CV, 2013 WL 4399218, at *1 (Tex. App.—Houston [1st Dist.] Aug. 15, 2013, no pet.) (mem. op.) (pro se litigant must properly present his case on appeal; we "may not make allowances or apply different standards for litigants

appearing without . . . counsel"). And a party who does not adequately brief a complaint on appeal waives his issue. *Washington. v. Bank of N.Y.*, 362 S.W.3d 853, 854–55 (Tex. App.—Dallas 2012, no pet.); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied) (we cannot remedy deficiencies in appellant's brief and argue his case for him).

Accordingly, we hold that Lancaster has waived his complaints that the trial court erred in not vacating a "void" protective order and certain "void" criminal convictions.

**Conclusion**

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Bland.