**Appeal Dismissed and Memorandum Opinion filed August 15, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00344-CR
### NO. 14-19-00345-CR

## SYED  JAFFAR  NAQVI, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1592259 and 1592260**

## MEMORANDUM  OPINION

Appellant pleaded guilty to and was convicted of aggravated assault and carrying a weapon on premises licensed for the sale of alcoholic beverages. The trial court imposed appellant's sentences in open court on April 3, 2019.

On May 3, 2019, appellant timely filed a motion for new trial in each case. *See* Tex. R. App. P. 21.4(a) (defendant may file motion for new trial no later than 30 days after trial court imposes or suspends sentence in open court). The trial court

timely granted appellant's motions on May 17, 2019. *See* Tex. R. App. P. 21.8(a) (court must rule on motion for new trial within 75 days of imposing or suspending sentence in open court). The State has not appealed the orders granting the motions, and the time for such appeal has expired. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(3) (state may appeal order granting new trial); *id.* art. 44.01(d) (appeal by state must be brought within 20 days of date order to be appealed is entered by court).

Granting a new trial restores the case to its position before the former trial. Tex. R. App. P. 21.9(b). An appeal from a conviction is rendered moot when a new trial is granted. *See Belvis v. State*, No. 08-02-00121-CR, 2002 WL 31087290, at *1 (Sept. 19, 2002) (per curiam) (not designated for publication); *cf. In re E.C.*, 431 S.W.3d 812, 815–16 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding [mand. denied]) ("Granting a new trial has the legal effect of vacating the original judgment and returning the case to the trial docket as though there had been no previous trial or hearing.").

A case that is moot is normally not justiciable. *Pharris v. State*, 165 S.W.3d 681, 687 (Tex. Crim. App. 2005). We lack jurisdiction to decide moot controversies. *Id.* When an appellate court lacks jurisdiction, it has no choice but to dismiss the appeal. *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss these appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer

Do Not Publish — Tex. R. App. P. 47.2(b).