

# NUMBER 13-24-00415-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**IN THE MATTER OF THE MARRIAGE OF MAGDA KARINA OLVERA AND RODRIGO ANTONIO HERNANDEZ AND IN THE INTEREST OF R.A.H., O.H., AND R.H., CHILDREN**

---

## ON APPEAL FROM THE 464TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Peña**

Appellant Magda Karina Olvera filed a notice of appeal from a final decree of divorce rendered in trial court cause number F-5360-21-L in the 464th District Court of Hidalgo County, Texas. Because we conclude that this appeal is moot, we dismiss it for want of jurisdiction.

On July 25, 2024, the trial court signed a final decree of divorce regarding Olvera's marriage to Rodrigo Antonio Hernandez. On August 2, 2024, Olvera filed a motion for

new trial, and on August 19, 2024, she filed a notice of appeal. However, on October 9, 2024, the trial court signed an order granting Olvera's motion for new trial. On November 12, 2024, the Clerk of the Court notified Olvera that it appeared that there was no final, appealable order, requested correction of this defect, if possible, and advised her that the appeal would be dismissed if the defect was not cured. *See* TEX. R. APP. P. 42.3. Olvera did not respond to the Clerk's directive.

When a motion for new trial is granted, the case is reinstated on the court's docket as if no judgment had been signed. *See In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 230–31 (Tex. 2008) (orig. proceeding); *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). In other words, "when the trial court grants a motion for new trial, the court essentially wipes the slate clean and starts over." *Wilkins*, 160 S.W.3d at 563; *see In re E.C.*, 431 S.W.3d 812, 815–16 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

"A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012); *see Abbott v. Mex. Am. Legis. Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 689 (Tex. 2022). In other words, "a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Abbott*, 647 S.W.3d at 689. "We thus lack jurisdiction to issue an opinion on a moot controversy." *Id.*; *see In re T.V.T.*, 675 S.W.3d 303, 306 (Tex. 2023) (per curiam).

2

Here, the trial court granted a motion for new trial, thereby setting aside the divorce decree that was subject to appeal. Therefore, this appeal is moot, and we lack appellate jurisdiction. *See Wilkins*, 160 S.W.3d at 563; *see also Josh Liam Thiago Express, LLC v. Woldehawariat*, No. 14-24-00096-CV, 2024 WL 4487596, at *1 (Tex. App.—Houston [14th Dist.] Oct. 15, 2024, no pet.) (mem. op.) (dismissing an appeal for want of jurisdiction after the trial court granted a new trial); *In re E.H.*, No. 02-19-00084-CV, 2019 WL 2429412, at *1 (Tex. App.—Fort Worth June 6, 2019, no pet.) (mem. op.) (noting that "the granting of a new trial moots an already-pending appeal on the merits of a previously rendered judgment").

The Court, having examined and fully considered the notice of appeal and the documents on file, is of the opinion that this appeal has been rendered moot. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(a).

L. ARON PEÑA JR.
Justice

Delivered and filed on the
6th day of March, 2025.

3